# EXHIBIT A

FILED
Amanda Stanford
CLERK, SUPERIOR COURT
04/15/2020 12:08PM
BY: MMASTERS
DEPUTY

Case No.: S1100CV202000563
HON. THE HON STEVEN J FULLER

**KOGLMEIER LAW GROUP, P.L.C.**
*Attorneys at Law*
1930 EAST BROWN ROAD, SUITE 101
MESA, ARIZONA 85203
PHONE (480) 962-7200
MATTHEW D. KOGLMEIER
STATE BAR #7200
(not for e-service)
THEODORE M. HOROWITZ
STATE BAR #33041
(not for e-service)
(e-service only)

Attorneys for Plaintiff

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| MELISSA TROUTZ-SUMPTER, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | (Tort – Non-Motor Vehicle) |
| 99 CENTS ONLY STORES LLC, a California Limited Liability Corporation; JOHN DOES I-X; JANE DOES I-X; ABC-XYZ CORPORATIONS; BLACK AND WHITE PARTNERSHIPS; and/or SOLE PROPRIETORSHIPS I-X, jointly and severally | |
| Defendants. | |

Plaintiff, by and through undersigned counsel, for her Complaint against the Defendants above named, alleges as follows:

## JURISDICTION AND VENUE

1. That all events alleged herein occurred in the County of Pinal, State of Arizona.

2. That Plaintiff is a resident of the County of Pinal, State of Arizona.

3. That Defendant 99 Cents Only Stores LLC (hereinafter "Defendant") operates retail stores throughout the State of Arizona including the County of Pinal where the events alleged herein occurred.

4. That Black and White Partnerships, John Does, Jane Does and/or Sole Proprietorships I-X are fictitious names which are being used to represent business entities, persons, agents, servants, or employees whose true names are not known to Plaintiff at this time. Upon information and belief Plaintiff alleges that Black and White Partnerships, John Does, Jane Does and/or Sole Proprietorships I-X are residents of the County of Pinal, State of Arizona, who contributed to or caused the event alleged herein to occur, thereby negligently causing injury to Plaintiff as the result of that such incident. Plaintiff asks leave of this Court to amend her Complaint to reflect the true names of those Defendants when the same becomes known.

5. That Defendant is subject to the personal jurisdiction of this Court in accordance with Arizona law and the Arizona Rules of Civil Procedure.

6. That venue is proper in this Court pursuant to A.R.S. §12-401.

### FIRST CAUSE OF ACTION – NEGLIGENCE
### (All Defendants)

7. That on or about August 18, 2018, Plaintiff Melissa Sumpter was a legal invitee to the Defendant's retail store located at 3003 West Apache Trail, Apache Junction, Arizona 85120.

8. That on the date referenced in paragraph seven (7) *supra*, Plaintiff was injured when she slipped and fell due to the negligent maintenance and design of the curb located at the intersection of the parking lot and sidewalk located at the retail store location listed in paragraph seven (7) *supra*.

9. That on the date referenced in paragraph seven (7) *supra*, Plaintiff was further injured as a result of the negligent handling of Plaintiff's injuries by Defendant's employees.

-2-

10. That Defendants breached their duty of reasonable care owed to Plaintiff due to Defendants' failure to properly design and/or maintain their entrance curb in a manner which was safe for reasonable and foreseeable use by their invitees and patrons.

11. That Defendants breached their duty of reasonable care owed to Plaintiff due to Defendants' failure to properly train their employees to conduct Defendants' business in a manner which was safe for reasonable and foreseeable use by their invitees and patrons.

12. That as a result of Defendant's breach(es), Plaintiff sustained injuries which include, but are not limited to her head, left shoulder, and emotional pain and distress.

13. That as a result of Defendant's negligence, Plaintiff has suffered great bodily and emotional pain from the date of aforesaid injuries, has and may in the future be disabled from attending her normal pursuits and enjoying life as a normal person, and has and may in the future suffer great mental and physical pain and suffering, all to her detriment and damage in a sum to be determined by the evidence presented at trial in this matter.

14. That because of said injuries resulting from the negligence of the Defendants, Plaintiff, has expended sums of money for medical and therapeutic treatment, and will be obligated in the future to expend further sums for such purposes in an amount to be determined at the time of trial of this matter.

15. That as a direct and proximate result of the Defendant's recklessness and negligence, Plaintiff has been unable to engage in her normal activities and performances, included but not limited to working as she could before the incident referenced herein, and alleges that her disabilities will continue for a period of time in the future, all to her damage in an amount to be determined at the time of trial of this matter.

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against the Defendants, and each of them as follows:

1. For special damages, incurred and to be incurred by Plaintiff in an amount to be proved at trial.
2. For general damages incurred and to be incurred by Plaintiff in an amount to be proved trial.
3. For Plaintiff's lost wages and impairment of economic earning capacity to date and in the future, in an amount to be proved at trial.
4. For Plaintiff's costs incurred herein; and
5. For such other and further relief as this Court deems just and proper under the circumstances.

DATED this 15 day of April, 2020.

KOGLMEIER LAW GROUP, P.L.C.

By _____
Theodore M. Horowitz
*Attorney for Plaintiff*