**KOGLMEIER LAW GROUP, PLC**
1930 E. BROWN ROAD, SUITE 101
MESA, ARIZONA 85203
PHONE (480) 962-7200
THEODORE M. HOROWITZ
STATE BAR #033041
theodore@klgazlaw.com
minuteentries@klgazlaw.com

**Attorneys for Plaintiff**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Troutz-Sumpter,<br><br>       Plaintiff,<br><br>v.<br><br>99 Cents Only Stores LLC, **VTA Ltd**. *et al.*<br><br>       Defendants. | Case No. 2:20-cv-00990-GMS<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff, by and through undersigned counsel, with the written consent of named defendant 99 Cents Only Stores, LLC, hereby submits this First Amended Complaint. For her First Amended Complaint against the Defendants above named, alleges as follows:

## **JURISDICTION AND VENUE**

1. That all events alleged herein occurred in the County of Pinal, State of Arizona.
2. That Plaintiff is a resident of the County of Pinal, State of Arizona.
3. That Defendant 99 Cents Only Stores LLC (hereinafter "Defendant **99 Cents**") operates retail stores throughout the State of Arizona including the County of Pinal where the events alleged herein occurred.

4. **That Defendant 99 Cents is a California Corporation with its principal place of business in California.**

5. **That Defendant VTA Ltd. (hereinafter "Defendant VTA") operates commercial rental properties throughout the state of Arizona, including the county of Pinal where the events alleged herein occurred.**

6. **That Defendant VTA is a California Limited Partnership with its principal place of business in California.**

7. **That Defendant 99 Cents and Defendant VTA shall collectively be referred to herein as Defendants.**

8. That Black and White Partnerships, John Does, Jane Does and/or Sole Proprietorships I-X are fictitious names which are being used to represent business entities, persons, agents, servants, or employees whose true names are not known to Plaintiff at this time. Upon information and belief Plaintiff alleges that Black and White Partnerships, John Does, Jane Does and/or Sole Proprietorships I-X are residents of the County of Pinal, State of Arizona, who contributed to or caused the event alleged herein to occur, thereby negligently causing injury to Plaintiff as the result of that such incident. Plaintiff asks leave of this Court to amend her Complaint to reflect the true names of those Defendants when the same becomes known.

9. ~~That Defendants is subject to the personal jurisdiction of this Court in accordance with Arizona law and the Arizona Rules of Civil Procedure.~~ **That Defendants are subject to the personal jurisdiction of this court in accordance with Arizona Law, Federal Law, and the Federal Rules of Civil Procedure.**

10. ~~That venue is proper in this Court pursuant to A.R.S. §12-401.~~ **That this matter was initially filed in the Superior Court of the State of Arizona and was removed to this Court pursuant to a notice of removal filed by Defendant 99 Cents.**

11. **That venue is proper in this Court as the United States District Court for the District of Arizona is the court embracing the place wherein this action was initially filed in state court.**

12. **That the amount in controversy in this matter exceeds $75,000.00.**

13. **That this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(2) in that the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the action is between a citizen of a State and citizens of a foreign state.**

**FIRST CAUSE OF ACTION – NEGLIGENCE – PREMISES LIABILITY**
**(All Defendants)**

14. **Plaintiff alleges and incorporates each and every allegation contained in each of the preceding paragraphs of this Complaint as fully set forth herein by reference.**

15. **That Defendant 99 Cents operates a retail store located at 3003 West Apache Trail, Apache Junction, Arizona 85120.**

16. **That Defendant VTA owns the real property at which Defendant 99 Cents operates the retail store referenced in paragraph 15 *supra*, including the surrounding sidewalks, parking lots, and common areas.**

17. That on or about August 18, 2018, Plaintiff Melissa Sumpter was a legal invitee to the Defendant's retail store ~~located at 3003 West Apache Trail, Apache Junction, Arizona 85120.~~ **referenced in paragraph 15 *supra*.**

18. That on the date referenced in paragraph ~~seven (7)~~ **17** *supra*, Plaintiff was injured when she slipped and fell due to the negligent maintenance and design of the curb located at the intersection of the parking lot and sidewalk located at the retail store location listed in paragraph ~~seven (7)~~ **17** *supra*.

19. ~~That on the date referenced in paragraph seven (7) *supra*, Plaintiff was further injured as a result of the negligent handling of Plaintiff's injuries by Defendant's employees.~~ **That Defendants' breached their duty of reasonable care owed to Plaintiff due to Defendants' failure to properly design and/or maintain the entrance curb in a manner which was safe for reasonable and foreseeable use by their invitees and patrons.**

20. **That Defendant 99 Cents further breached their duty of care owed to Plaintiff by failing to alert Defendant VTA to the dangerous condition posed to invitees to Defendant 99 Cents' retail location by the condition of the entrance curb.**

21. That Defendants breached their duty of reasonable care owed to Plaintiff due to Defendants' failure to properly train their employees to conduct Defendants' business in a manner which was safe for reasonable and foreseeable use by their invitees and patrons.

22. That as a result of ~~Defendant's~~ **Defendants'** breach(es), Plaintiff sustained injuries which include, but are not limited to her head, left shoulder, and emotional pain and distress.

23. That as a result of ~~Defendant's~~ **Defendants'** negligence, Plaintiff has suffered great bodily and emotional pain from the date of aforesaid injuries, has and may in the future be disabled from attending her normal pursuits and enjoying life as a normal person, and has and may in the future suffer great mental and physical pain and suffering, all to her detriment and damage in a sum to be determined by the evidence presented at trial in this matter.

24. That because of said injuries resulting from the negligence of the Defendants, Plaintiff, has expended sums of money for medical and therapeutic treatment, and will be obligated in the future to expend further sums for such purposes in an amount to be determined at the time of trial of this matter.

25. That as a direct and proximate result of the ~~Defendant's~~ **Defendants'** recklessness and negligence, Plaintiff has been unable to engage in her normal activities and performances, included but not limited to working as she could before the incident referenced

herein, and alleges that her disabilities will continue for a period of time in the future, all to her damage in an amount to be determined at the time of trial of this matter.

## **SECOND CAUSE OF ACTION – NEGLIGENT INFLICITON OF EMOTIONAL DISTRESS**
### **(Defendant 99 Cents)**

26. **Plaintiff alleges and incorporates each and every allegation contained in each of the preceding paragraphs of this Complaint as fully set forth herein by reference.**

27. **That on the date referenced in paragraph 17 *supra*, Plaintiff was further injured as a result of the negligent handling of Plaintiff's injuries by Defendant 99 Cents' employees.**

28. **That as a result of the negligent conduct of Defendant 99 Cents' employees, Plaintiff was forced to sit outside of the retail store while an employee of 99 Cents proceeded to humiliate her by telling her that she was not injured.**

29. **That as a result of the negligent conduct of Defendant 99 Cents' employees, Plaintiff was subjected to staring and uncomfortable interaction with other store invitees and onlookers.**

30. **That as a result of the negligent conduct of Defendant 99 Cents' employees, Plaintiff, in a state of delirium resulting from Plaintiff's fall, as described *supra*, Plaintiff was instructed to drive her vehicle away from the Defendant 99 Cents' retail location by employees of Defendant 99 Cents.**

31. **That Plaintiff, having been directly involved in the fall which caused her initial injuries as described *supra* was within the "zone of danger".**

32. **That Defendant 99 Cents' acts and omissions giving rise to this negligent infliction of emotion distress claim are a continuation of their negligence which resulted in Plaintiff's fall as described *supra*.**

33. **That Plaintiff's mental anguish as referenced *supra* has manifested physically.**

34. **That as a result of Defendant 99 Cents' acts and omissions, Plaintiff sustained injuries which include, but are not limited to emotional pain and distress which have manifested physically.**

35. **That as a result of Defendants 99 Cents' acts and omissions as set forth herein, Plaintiff has suffered great emotional pain, which has manifested physically, from the date of aforesaid injuries, has and may in the future be disabled from attending her normal pursuits and enjoying life as a normal person, and has and may in the future suffer great mental and physical pain and suffering, all to her detriment and damage in a sum to be determined by the evidence presented at trial in this matter.**

36. **That because of said injuries resulting from the negligence of Defendant 99 Cents, Plaintiff, has expended sums of money for medical and therapeutic treatment, and will be obligated in the future to expend further sums for such purposes in an amount to be determined at the time of trial of this matter.**

37. **That as a direct and proximate result of Defendant 99 Cents' negligence, Plaintiff has been unable to engage in her normal activities and performances, included but not limited to working as she could before the incident referenced herein, and alleges that her disabilities will continue for a period of time in the future, all to her damage in an amount to be determined at the time of trial of this matter.**

**WHEREFORE,** Plaintiff prays for judgment in favor of Plaintiff and against the Defendants, and each of them as follows:

1. For special damages, incurred and to be incurred by Plaintiff in an amount to be proved at trial.
2. For general damages incurred and to be incurred by Plaintiff in an amount to be proved trial.
3. For Plaintiff's lost wages and impairment of economic earning capacity to date and in the future, in an amount to be proved at trial.
4. For Plaintiff's costs incurred herein; and
5. For such other and further relief as this Court deems just and proper under the circumstances.

**DATED** this 9th day of June, 2020.

**KOGLMEIER LAW GROUP, P.L.C.**


By: */s/ Theodore M. Horowitz*
   Theodore M. Horowitz
   *Attorney for Plaintiff*